UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SILVER DREAM, L.L.C., a Louisiana Limited Liability Company | ) ) ) | CIVIL ACTION NO. 2010-3658 |
| Plaintiff, | ) ) ) ) | SECTION "F" JUDGE MARTIN FELDMAN |
| v. | ) ) | |
| 3MC, INC., CHARLES CHEN and ME CHEN d/b/a SILVER SALON | ) ) ) | DIVISION 2 MAGISTRATE JUDGE WILKINSON |
| Defendants | ) ) | |
| _____ | ) | |

## ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM

Defendants 3MC, Inc., Charles Chen, and Mabel (Mei) Chen, d/b/a Silver Salon, (collectively "the Chen Defendants"), through undersigned counsel, respond to the First Amended Complaint for Damages and Injunctive Relief of Silver Dream, L.L.C., and further state their affirmative defenses and cross-claim, to-wit:

### ANSWER

1. The allegations of paragraph 1 are denied.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are denied, except to admit that defendants are citizens of the State of Louisiana, and residents of this judicial district.

    4.    The allegations of paragraph 4 are admitted.

    5.    The allegations of paragraph 5 are denied for lack of sufficient information to justify a belief therein, except to admit that plaintiff does design, market and sell jewelry at wholesale.

    6.    The allegation of paragraph 6 is admitted.

    7.    The allegations of paragraph 7 are admitted.

    8.    The allegations of paragraph 8 are denied for lack of sufficient information to justify a belief therein, except to admit that Malibu is believed to be a business located in Diamond Bar, California.

    9.    The allegations of paragraph 9 are denied, except to admit that plaintiff is known by defendants to be a wholesale jewelry design business in New Orleans.

    10.    The allegations of paragraph 10 are denied for lack of sufficient information to justify a belief herein.

    11.    The allegation of paragraph 11 is denied for lack of information to justify a belief herein.

    12.    The allegations of paragraph 12 are denied for lack of information to justify a belief herein.

    13.    The allegation of paragraph 13 is denied for lack of sufficient information to justify a belief herein.

    14.    The allegation of paragraph 14 is denied for lack of information to justify a belief herein.

    15.    The allegations of paragraph 15 are denied. Plaintiff and the Chen Defendants are not competitors. Plaintiff knows well that none of the Chen Defendants designs, imports, or

manufactures jewelry and that none of the Chen Defendants are wholesalers. Plaintiff does not operate at the retail level and specifically identifies itself in this Complaint as "a wholesale jewelry design business." The allegations of this paragraph were made in bad faith.

16.     The allegations of paragraph 16 are denied. Plaintiff knows that none of the Chen Defendants designs, imports or manufacturers jewelry. The allegations of this paragraph were made in bad faith.

17.     The allegations of paragraph 17 are denied. The pendant in question was neither designed nor manufactured by any of the Chen Defendants, but rather was purchased from a third party wholesaler. The allegations of this paragraph are made in bad faith.

18.     The allegation of paragraph 18 is denied. The Chen Defendants did not design or manufacture the items in questions and cannot be charged with "copying". The allegations of this paragraph are made in bad faith.

19.     The allegations of paragraph 19 are denied. Plaintiff was not "forced" to initiate this law suit, but did so precipitously and without giving the Chen Defendants any time to respond to a "cease and desist" demand. The allegations of this paragraph were made in bad faith.

20.     The allegations of paragraph 20 are denied, except to admit that, as part of a settlement agreement, which plaintiff has since terminated, both Mabel (Mei) Chen and Charles Chen provided sworn statements to plaintiff.

21.     The allegations of paragraph 21 are denied for lack of sufficient information to justify a belief therein, except to admit that the Chen Defendants believe Malibu to be a wholesaler of jewelry products.

22. The allegations of paragraph 22 are denied for lack of sufficient information to justify a belief therein, except to admit that Mabel Chen bought jewelry from Malibu which plaintiff contends infringes on its copyrighted design.

23. The allegations of paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24. Paragraph 24 requires no answer.

25. The allegations of paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26. The allegation of paragraph 26 is denied. As to the Chen Defendants, the allegation is made in bad faith because plaintiff knows that they are not designers, importers, or manufacturers of jewelry.

27. The allegation of paragraph 27 is denied.

28. The allegation of paragraph 28 denied.

29. Paragraph 29 requires no answer.

30. The allegations of paragraph 30 are denied. Plaintiff knows that the Chen Defendants are not its competitors. Plaintiff is a designer/wholesaler and knows that the Chen Defendants are retailers, not designers, importers, manufacturers, or wholesalers. The allegations of this paragraph are made in bad faith.

31. The allegation of paragraph 31 is denied.

32. The allegation of paragraph 32 is denied.

33. Paragraph 33 requires no answer.

34. The allegations of paragraph 34 are denied. Plaintiff knows that the Chen Defendants are not its competitors. Plaintiff is a designer/wholesaler and knows that the Chen

Defendants are retailers, not designers, importers, manufacturers, or wholesalers. The allegations of this paragraph are made in bad faith.

35. The allegation of paragraph 35 is denied.

36. The allegation of paragraph 36 is denied.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, the Chen Defendants plead the following:

1.

The Complaint fails to state a cause of action.

2.

The Complaint fails to make any substantive factual allegations against the individual defendants, Charles and Mei Chen and, therefore, demonstrates that the naming of these two individuals as defendants is designed solely to harass, to cause embarrassment, to injure them financially, and to unreasonably and vexatiously multiply these proceedings.

3.

The Complaint was filed for improper purposes.

4.

None of the Chen Defendants is engaged in designing, importing, or manufacturing jewelry and therefore have not copied, and cannot legally be charged with "copying," under the Copyright Act, nor can these defendants be deemed "competitors" of plaintiff.

5.

The Complaint makes no allegations concerning, much less any allegations sufficient to support a finding of, vicarious infringement against any of the Chen Defendants.

6.

The Complaint makes no allegations concerning, much less any allegations sufficient to support a finding of, contributory infringement against any of the Chen Defendants.

7.

The plaintiff's state law claims are preempted under 17 U.S.C. §301.

8.

At the time the disputed items were purchased at a wholesale show by Mabel Chen in August 2010, she had no knowledge that they could potentially infringe on copyrights held by anyone.

9.

Having no notice of potential infringement issues, none of the Chen Defendants is liable under the Copyright Act.

10.

The Chen Defendants are entitled to recover from plaintiff their full costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

11.

The Chen Defendants are entitled to recover from plaintiff their costs and attorney's fees pursuant to La. R.S. 51:1409(A) because the allegations of the Second and Third Cause of Action are groundless, brought in bad faith, and for purposes of harassment.

12.

The Chen Defendants are entitled under 28 U.S.C. § 1927 to recover their excess costs, expenses and attorney's fees incurred because the proceedings against them have been unreasonably and vexatiously multiplied.

**CROSS-CLAIM**

And, Now, pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, the Chen Defendants make the following cross-claim against co-defendant Malibu International Jewelry, Inc.:

1.

3MC, Inc., Charles Chen, and Mabel (Mei) Chen (collectively "the Chen Parties") have been named as defendants in both the original and the first amended complaint filed by Silver Dream, L.L.C. ("Silver Dream") alleging copyright infringement with respect to a certain jewelry design over which Silver Dream claims copyrights.  The Chens deny all liability to Silver Dream.

2.

Malibu International Jewelry, Inc. ("Malibu") is also named as a defendant in the first amended complaint filed by Silver Dream.  Malibu was only served in January of 2011 and has not yet filed its answer.

3.

The Chen Parties are the plaintiffs-in-cross-claim.

4.

Malibu is made defendant-in-cross-claim.

5.

The Chen Parties are not designers, importers, manufacturers, or wholesalers of jewelry.

6.

At the August 2010 Helen Brett Show in New Orleans, Louisiana, Mabel Chen purchased certain jewelry items from Malibu, including the items which Silver Dream claims as infringements of its copyrights.  Mabel Chen purchased those jewelry items without knowledge of any potential infringement or other defects.

7.

As the seller of the jewelry items purchased by Mabel Chen, Malibu is responsible for any damages caused by its product pursuant, *inter alia*, to Louisiana Civil Code articles 2315, 2316, 2317.1, 2520-2545, La. R.S. 2800.51-2800.60, common law, and equity.

8.

If judgment is entered in favor of Silver Dream and against any of the Chen Parties, Malibu is liable to the plaintiffs-in-cross-claim for all sums, including costs and attorney's fees, which any of the Chen Parties is ordered to pay to Silver Dream and Malibu is also liable to the plaintiffs-in-cross-claim for their costs and attorney's fees incurred in the defense of the suit brought by Silver Dream and in the prosecution of this cross-claim.


**WHEREFORE**, Mabel Chen, Charles Chen, and 3MC, Inc. pray that, after due proceedings are had, judgment be entered against plaintiff dismissing all claims and that judgment be entered in their favor, awarding them attorney's fees, costs, and such other equitable and legal relief as this court finds just; alternatively, Mabel Chen, Charles Chen, and 3MC, Inc. pray that, should judgment be entered in favor of plaintiff and against them, the court also enter

judgment in their favor and against Malibu International Jewelry, Inc. ordering the defendant-in-cross-claim to satisfy any judgment against plaintiffs-in-cross-claim and awarding plaintiffs-in-cross-claim damages, attorney's fees, costs, and such other equitable relief as this court finds just.

        Respectfully submitted,

        /Marie Breaux/_____
        Marie Breaux (La. Bar #17156)
        MILLING BENSON WOODWARD L.L.P.
        909 Poydras Street, Suite 2300
        New Orleans, LA  70112-1010
        Telephone:  (504) 569-7000
        Fax:  (504) 569-7001
        E-mail:  mbreaux@millinglaw.com

        Attorneys for 3MC, Inc., Charles Chen, and
        Mei Chen d/b/a Silver Salon

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 11th day of January, 2011.  Any other counsel of record will be served by first class mail and electronically by e-mail.

        /Marie Breaux/_____

398414

9