UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SILVER DREAM, L.L.C., a Louisiana Limited Liability Company | ) ) ) | CIVIL ACTION NO. 2010-3658 |
| Plaintiff, | ) ) ) | SECTION "F" JUDGE MARTIN FELDMAN |
| v. | ) ) ) | DIVISION 2 |
| 3MC, INC., CHARLES CHEN and ME[I] CHEN d/b/a SILVER SALON | ) ) ) | MAGISTRATE JUDGE WILKINSON |
| Defendants | ) ) | |

## AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND CROSS-CLAIM

Defendants 3MC, Inc., Charles Chen, and Mabel (Mei) Chen, d/b/a Silver Salon, (collectively "the Chen Defendants"), through undersigned counsel, file this, their Amended Answer to the First Amended Complaint for Damages and Injunctive Relief of Silver Dream, L.L.C., and further state their affirmative defenses, counter claim, and cross-claim, to-wit:

### ANSWER

1. The allegations of paragraph 1 are denied.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are denied, except to admit that defendants are citizens of the State of Louisiana, and residents of this judicial district.

4. The allegations of paragraph 4 are admitted.

5. The allegations of paragraph 5 are denied for lack of sufficient information to justify a belief therein, except to admit that plaintiff does design, market and sell jewelry at wholesale.

6. The allegation of paragraph 6 is admitted.

7. The allegations of paragraph 7 are admitted.

8. The allegations of paragraph 8 are denied for lack of sufficient information to justify a belief therein, except to admit that Malibu is believed to be a business located in Diamond Bar, California.

9. The allegations of paragraph 9 are denied, except to admit that plaintiff is known by defendants to be a wholesale jewelry design business in New Orleans.

10. The allegations of paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11. The allegation of paragraph 11 is denied for lack of information to justify a belief therein.

12. The allegations of paragraph 12 are denied for lack of information to justify a belief therein.

13. The allegation of paragraph 13 is denied for lack of sufficient information to justify a belief therein.

14. The allegation of paragraph 14 is denied for lack of information to justify a belief therein.

15. The allegations of paragraph 15 are denied. Plaintiff and the Chen Defendants are not competitors. Plaintiff knows well that none of the Chen Defendants designs, imports, or

manufactures jewelry and that none of the Chen Defendants are wholesalers. Plaintiff does not operate at the retail level and specifically identifies itself in this Complaint as "a wholesale jewelry design business." The allegations of this paragraph were made in bad faith.

16.     The allegations of paragraph 16 are denied. Plaintiff knows that none of the Chen Defendants designs, imports or manufacturers jewelry. The allegations of this paragraph were made in bad faith.

17.     The allegations of paragraph 17 are denied. The pendant in question was neither designed nor manufactured by any of the Chen Defendants, but rather was purchased from a third party wholesaler. The allegations of this paragraph are made in bad faith.

18.     The allegation of paragraph 18 is denied. The Chen Defendants did not design or manufacture the items in questions and cannot be charged with "copying". The allegations of this paragraph are made in bad faith.

19.     The allegations of paragraph 19 are denied. Plaintiff was not "forced" to initiate this law suit, but did so precipitously and without giving the Chen Defendants any time to respond to a "cease and desist" demand. The allegations of this paragraph were made in bad faith.

20.     The allegations of paragraph 20 are denied, except to admit that, as part of a settlement agreement, which plaintiff has since terminated, both Mabel (Mei) Chen and Charles Chen provided sworn statements to plaintiff.

21.     The allegations of paragraph 21 are denied for lack of sufficient information to justify a belief therein, except to admit that the Chen Defendants believe Malibu to be a wholesaler of jewelry products.

22. The allegations of paragraph 22 are denied for lack of sufficient information to justify a belief therein, except to admit that Mabel Chen bought jewelry from Malibu which plaintiff contends infringes on its copyrighted design.

23. The allegations of paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24. Paragraph 24 requires no answer.

25. The allegations of paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26. The allegation of paragraph 26 is denied. As to the Chen Defendants, the allegation is made in bad faith because plaintiff knows that they are not designers, importers, or manufacturers of jewelry.

27. The allegation of paragraph 27 is denied.

28. The allegation of paragraph 28 denied.

29. Paragraph 29 requires no answer.

30. The allegations of paragraph 30 are denied. Plaintiff knows that the Chen Defendants are not its competitors. Plaintiff is a designer/wholesaler and knows that the Chen Defendants are retailers, not designers, importers, manufacturers, or wholesalers. The allegations of this paragraph are made in bad faith.

31. The allegation of paragraph 31 is denied.

32. The allegation of paragraph 32 is denied.

33. Paragraph 33 requires no answer.

34. The allegations of paragraph 34 are denied. Plaintiff knows that the Chen Defendants are not its competitors. Plaintiff is a designer/wholesaler and knows that the Chen

Defendants are retailers, not designers, importers, manufacturers, or wholesalers. The allegations of this paragraph are made in bad faith.

35. The allegation of paragraph 35 is denied.

36. The allegation of paragraph 36 is denied.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, the Chen Defendants plead the following:

1.

The Complaint fails to state a cause of action.

2.

The Complaint fails to make any substantive factual allegations against the individual defendants, Charles and Mei Chen and, therefore, demonstrates that the naming of these two individuals as defendants is designed solely to harass, to cause embarrassment, to injure them financially, and to unreasonably and vexatiously multiply these proceedings.

3.

The Complaint was filed for improper purposes.

4.

None of the Chen Defendants is engaged in designing, importing, or manufacturing jewelry and therefore have not copied, and cannot legally be charged with "copying," under the Copyright Act, nor can these defendants be deemed "competitors" of plaintiff.

5.

The Complaint makes no allegations concerning, much less any allegations sufficient to support a finding of, vicarious infringement against any of the Chen Defendants.

6.

The Complaint makes no allegations concerning, much less any allegations sufficient to support a finding of, contributory infringement against any of the Chen Defendants.

7.

The plaintiff's state law claims are preempted under 17 U.S.C. § 301.

8.

At the time the disputed items were purchased at a wholesale show by Mabel Chen in August 2010 and at the time the items were sold by Silver Salon, the Chen Defendants had no knowledge that these jewelry items could potentially infringe on copyrights held by anyone.

9.

Having no notice of potential infringement issues, none of the Chen Defendants is liable under the Copyright Act.

10.

The Chen Defendants are entitled to recover from plaintiff their full costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

11.

The Chen Defendants are entitled to recover from plaintiff their costs and attorney's fees pursuant to La. R.S. 51:1409(A) because the allegations of the Second and Third Cause of Action are groundless, brought in bad faith, and for purposes of harassment.

12.

The Chen Defendants are entitled under 28 U.S.C. § 1927 to recover their excess costs, expenses and attorney's fees incurred because the proceedings against them have been unreasonably and vexatiously multiplied.

13.

The plaintiff is barred from any recovery by the doctrine of unclean hands.

14.

The plaintiff is barred from any recovery by the doctrine of copyright misuse.

15.

The plaintiff does not have any valid right to claim copyrights to the work which is the subject of this litigation.

16.

Lety Tumulty did not author the "jewelry design" or "sculpture/3-D artwork" on which copyrights are claimed by plaintiff. At most, she is the author of the 2-D artwork.

17.

The plaintiff is barred from any recovery due to fraud on the Copyright Office in failing to name the true author or authors of the "jewelry design" or "sculpture/3-D artwork" in applying for copyright registration. U.S. Registration Number VA 1-732-632 is, therefore, invalid.

18.

Elements of the work which is the subject of this litigation lack originality and cannot be copyrighted by plaintiff including, but not limited to, the shape of the fleur de lis; the football, the phrase "Who Dat?" the design of the Louisiana Superdome, the word "NOLA," and the phrase "Believe Dat." Plaintiff is not entitled to claim infringement of these elements.

19.

The plaintiff is barred from any recovery on the grounds of accord and satisfaction and settlement and compromise.

20.

The plaintiff is barred from any recovery on the grounds of release.

## COUNTERCLAIM

And, now, pursuant to Rule 13 of the Federal Rules of Civil Procedure, 3MC, Inc., Charles Chen, and Mei (Mabel) Chen make the following counterclaim against Silver Dream, L.L.C.:

1.

3MC, Inc., Charles Chen, and Mabel (Mei) Chen (collectively "the Chen Parties") are the plaintiffs in counterclaim.

2.

Silver Dream, L.L.C. ("Silver Dream") is the defendant in counterclaim.

3.

Plaintiff filed suit against the Chen Parties on October 16, 2010.

4.

At the time that suit was filed, Joe Tumulty, one of two members of Silver Dream, represented to the Chen Parties that Silver Dream's main interest in learning the identity of the source of allegedly counterfeited copies of a piece of jewelry on which Silver Dream claimed copyrights (the "football fleur de lis" which is the subject of this suit, hereinafter the "football fleur de lis").

5.

On or about December 2, 2010, Silver Dream offered to settle this lawsuit on the following principal terms:

1) The Chens would provide an affidavit identifying the manufacturer/wholesaler of the allegedly infringing items with contact information, the quantity of items purchased, the quantity of items sold, the sales price charged, the identity of any other parties known by the Chens to offer items that infringing items, and a copy of invoices related to the Chen's purchase of the items;

2) Silver Dream had thirty (30) days to decide whether to add the manufacturer/wholesaler as a party to the lawsuit and a) if Silver Dream decided to add the manufacturer/wholesaler to the lawsuit, Silver Dream would dismiss its claims against the Chen Parties or b) if Silver Dream decided not to add the manufacturer/wholesaler, Silver Dream would dismiss the lawsuit entirely;

3) Silver Dream reserved the right to revive its claims against the Chens if it determined that the information provided in their settlement affidavit was materially incorrect;

4) The Chens would pay damages of $1850 to Silver Dream;

5) The Chens would surrender all remaining inventory to Silver Dream; and

6) The Chens would agree to a permanent injunction prohibiting future sales of any design substantially similar to Silver Dream's.

6.

On or about December 7, 2010, the Chen Parties accepted Silver Dream's offer of settlement with no changes to the terms of the settlement demand, making it clear that they had no invoices to produce as called for in the settlement demand.

9

7.

The terms of the settlement agreement were embodied in a Settlement Agreement authored by the attorney for Silver Dream. This Settlement Agreement is attached hereto and made a part hereof by reference as Exhibit "A" to this Amended Answer, Affirmative Defenses, Counterclaim and Cross-Claim.

8.

The Settlement Agreement included the following substantive terms:

1) a settlement payment of $1,850.00 from the Chen Parties to Silver Dream;

2) contemporaneously with the signing of the settlement agreement, Charles and Mabel Chen were required to provide affidavits to counsel for Silver Dream representing that the information provided is materially true, complete and exact;

3) surrender of any remaining inventory;

4) acknowledgement of Silver Dream's rights;

5) agreement to entry of a consent motion for permanent injunction;

6) dismissal of the pending claims against the Chen Parties within thirty (30) days of Silver Dream's receipt of a signed original of the Agreement, the Settlement Payment and the infringing inventory;

7) release of all claims against the Chen Parties upon execution and filing of the motion to dismiss;

8) for a period of one (1) year following the execution of the Agreement, Silver Dream reserved the right to terminate the Agreement if it can demonstrate that any material fact in the settlement affidavits is false.

The exact provisions can be found in Exhibit A to this pleading.

9.

On or about December 22, 2010, the Chen Parties delivered settlement payment, affidavits and inventory fulfilling their obligations under the Settlement Agreement. The affidavits provided by Charles and Mabel Chen identified Hendri Sugianto and his company Malibu International as the party from whom Mabel Chen purchased the pieces of allegedly infringing jewelry at the August 2010 Helen Brett Show at the New Orleans Convention Center. The affidavits of Charles and Mabel Chen can be found in Exhibit A to this pleading.

10.

Thirty days after the delivery to Silver Dream of all documents, items, and payment required by the Settlement Agreement, Silver Dream did not dismiss its claims against the Chen Parties.

11.

On or about January 10, 2011, Silver Dream filed an Amended Complaint against Malibu International attaching the affidavit of Charles Chen, which was provided to Silver Dream as part of the Settlement Agreement.

12.

Silver Dream served Malibu International with a copy of its Amended Complaint on or about January 18, 2011.

13.

Malibu International did not file any answer to the Amended Complaint, and, on or about February 28, 2011, Silver Dream moved for entry of default by the Clerk of Court.

14.

Notwithstanding the compliance by the Chen Parties with their obligations under the Settlement Agreement and notwithstanding its own actions before this Court in filing an Amended Complaint against Malibu International, in filing the affidavit of Charles Chen into the record and in applying for default judgment, Silver Dream continues to refuse to dismiss the Chen Parties from this action.

15.

Silver Dream is in default of its obligations under the Settlement Agreement.

16.

Upon information and belief, Silver Dream's failure and refusal to perform its obligations under the Settlement Agreement and refusal to dismiss the Chen Parties from this action were made in bad faith.

17.

The Chen Parties are entitled to specific performance of the obligations of Silver Dream under the Settlement Agreement, specifically including the dismissal of all Chen Parties from this action.

18.

The Chen Parties are entitled to damages for delay, and, as a consequence of the bad faith of Silver Dream, they are also entitled to recover other damages, foreseeable or not, that are a direct consequence of Silver Dream's failure to honor its obligations under the Settlement Agreement.

19.

The Chen Parties are entitled to recover their attorney's fees and costs arising out of the breach of the Settlement Agreement by Silver Dream and arising out of the enforcement of the terms of the Settlement Agreement.

20.

The Chen Parties are entitled to recover for non-pecuniary loss because, upon information and belief, Silver Dream intended, through its failure to perform, to aggrieve the feelings of Charles and Mabel Chen.

## CROSS-CLAIM

And, now, pursuant to Rule 13 of the Federal Rules of Civil Procedure, 3MC, Inc., Charles Chen, and Mei (Mabel) Chen make the following cross-claim against co-defendant Malibu International Jewelry, Inc.:

1.

3MC, Inc., Charles Chen, and Mabel (Mei) Chen (collectively "the Chen Parties") have been named as defendants in both the original and the first amended complaint filed by Silver Dream, L.L.C. ("Silver Dream") alleging copyright infringement with respect to a certain jewelry design over which Silver Dream claims copyrights. The Chens deny all liability to Silver Dream.

2.

Malibu International Jewelry, Inc. ("Malibu") is also named as a defendant in the first amended complaint filed by Silver Dream. Malibu was only served in January of 2011 and has not yet filed its answer.

3.

The Chen Parties are the plaintiffs-in-cross-claim.

4.

Malibu is made defendant-in-cross-claim.  The subject matter of this cross-claim arises from the same circumstances as the original and amended complaints filed by Silver Dream and arises out of the conduct of Malibu in this district, namely sales of certain jewelry items at the August 2010 Helen Brett Show at the New Orleans Convention Center.

5.

The Chen Parties are not designers, importers, manufacturers, or wholesalers of jewelry.

6.

At the August 2010 Helen Brett Show in New Orleans, Louisiana, Mabel Chen purchased certain jewelry items from Malibu, including the items which Silver Dream claims as infringements of its copyrights.  Mabel Chen purchased those jewelry items without knowledge of any potential infringement or other defects.

7.

As the seller of the jewelry items purchased by Mabel Chen, Malibu is responsible for any damages caused by its product pursuant, *inter alia*, to Louisiana Civil Code articles 2315, 2316, 2317.1, 2520-2545, La. R.S. 2800.51-2800.60, common law, and equity.

8.

If judgment is entered in favor of Silver Dream and against any of the Chen Parties, Malibu is liable to the plaintiffs-in-cross-claim for all sums, including costs and attorney's fees, which any of the Chen Parties is ordered to pay to Silver Dream and Malibu is also liable to the

plaintiffs-in-cross-claim for their costs and attorney's fees incurred in the defense of the suit brought by Silver Dream and in the prosecution of this cross-claim.

**WHEREFORE**, Mabel Chen, Charles Chen, and 3MC, Inc. pray that, after due proceedings are had, judgment be entered as follows:

1) dismissing plaintiff's amended complaint in its entirety and awarding 3MC, Inc., Charles Chen and Mabel Chen attorney's fees, costs, and such other equitable and legal relief as this Court finds just;

2) declaring plaintiff Silver Dream, LLC to be in default of its obligations under the Settlement Agreement, granting specific performance to 3MC, Inc., Charles Chen and Mabel Chen and dismissing this action, and enjoining Silver Dream, LLC from bringing any subsequent action based on the matter addressed in the Settlement Agreement;

3) awarding 3MC, Inc., Charles Chen and Mabel Chen their damages for delay, non-pecuniary damages, and other damages that are a direct consequence of Silver Dream's failure to honor its obligations under the Settlement Agreement;

4) awarding 3MC, Inc., Charles Chen and Mabel Chen their attorney's fees and costs arising out of the breach of the Settlement Agreement by Silver Dream and arising out of the enforcement of the terms of the Settlement Agreement;

5) prejudgment and post-judgment interest and such other equitable or legal relief as this court finds just; and

6) alternatively, Mabel Chen, Charles Chen, and 3MC, Inc. pray that, should judgment be entered in favor of plaintiff and against them, the court also enter judgment in their favor and against Malibu International Jewelry, Inc. ordering the defendant-in-cross-claim to satisfy any judgment against plaintiffs-in-cross-claim and awarding plaintiffs-in-cross-claim damages, attorney's fees, costs, interest, and such other equitable relief as this court finds just.

Respectfully submitted,

/Marie Breaux/_____
Marie Breaux (La. Bar #17156)
MILLING BENSON WOODWARD L.L.P.
909 Poydras Street, Suite 2300
New Orleans, LA  70112-1010
Telephone:  (504) 569-7000
Fax:  (504) 569-7001
E-mail:  mbreaux@millinglaw.com

Attorneys for 3MC, Inc., Charles Chen, and Mei Chen d/b/a Silver Salon

### CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 7th day of June, 2011.  Any other counsel of record will be served by first class mail and electronically by e-mail.

/Marie Breaux/_____

MBW DOC 403529