UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SILVER DREAM, LLC                                                    CIVIL ACTION

VERSUS                                                                      NO. 10-3658

3MC, INC. ET AL.                                                         SECTION "F" (2)

## FINDINGS AND RECOMMENDATION

Upon granting defendants' motion for summary judgment to enforce the parties' settlement agreement, the presiding district judge dismissed this case and ordered the parties to "comply with and perform the provisions of their Settlement Agreement." Record Doc. No. 48 at pp. 17-18. On that same day, the court entered judgment enforcing settlement and dismissing without prejudice all remaining claims. Record Doc. No. 51. The presiding district judge further granted defendants' "request for attorney fees and costs <u>associated with the filing of their motion for summary judgment</u> . . . in accordance with Paragraph 11 of the parties' Settlement Agreement." Record Doc. No. 48 at p. 18 (emphasis added). The district judge referred to me for resolution "any dispute as to quantum" of awardable attorney fees and costs. <u>Id.</u>

Following entry of the referral order, I conducted a phone conference in which counsel advised that they could not resolve the remaining quantum dispute concerning awardable attorney's fees and costs. Accordingly, I issued an order establishing deadlines for submission of defendants' motion to set the amount of attorney's fees and costs and plaintiff's opposition memorandum. Record Doc. Nos. 55 and 56.

Defendants timely filed their motion, in which they seek a total of $39,897.10, including $39,118.75 in attorney's fees and reimbursable costs in the amount of $778.35, all payable within 30 days. Record Doc. No. 58. The motion is supported by substantial evidence, including the affidavits of defense counsel, Marie Breaux and Thomas S. Schneidau, and attorney Barry W. Ashe; counsel's detailed contemporaneous billing statements to defendants; a copy of the cost invoice concerning a deposition; a copy of the settlement agreement; and a fee and costs award in another case in this district.

Plaintiff filed a timely memorandum in opposition to defendants' motion. Record Doc. No. 62. In summary, plaintiff argues that the amount sought by defendants is unreasonable because (1) it includes time spent on matters not directly related to settlement agreement enforcement; (2) defense counsel's hourly rates are excessive; (3) the hours spent by defense counsel in connection with the summary judgment motion to enforce the settlement agreement were excessive; and (4) the amount sought is excessive given the rejection of a $5,000 settlement offer. Plaintiff supports its opposition memorandum with a Rule 30(b)(6) deposition notice in the case, the deposition transcript and the sworn declaration of its own counsel of record.

Defendants were granted leave to file a reply memorandum in support of their motion, supported by another affidavit of their lead counsel of record and copies of communications between counsel for both sides. Record Doc. Nos. 64, 66-67.

Having reviewed the written submissions of the parties, the record and the applicable law, and for the following reasons, I find and recommend that defendants' motion should be granted in part and denied in part, in that defendants should be awarded the amount of $29,724.00 in reasonable attorney's fees, together with $778.35 in recoverable deposition costs, for the following reasons.

The parties agree, consistently with the express terms of their settlement agreement, that Louisiana law governs determination of the quantum of the awardable amount. The recovery sought by plaintiff is predominantly attorney's fees. Any award of attorney's fees under Louisiana law must be reasonable.

Under Louisiana law, a "reasonable attorney's fee is determined by the facts of an individual case. In making awards for attorney's fees, the trial court is vested with great discretion . . . ." Richardson v. Parish of Jefferson, 727 So. 2d 705, 707 (La. App. 5th Cir. 1999) (citation omitted); accord Peyton Place, Condo. Assocs., Inc. v. Guastella, 18 So. 3d 132, 146 (La. App. 5th Cir. 2009); Ollis v. Miller, 886 So. 2d 1199, 1209 (La. App. 2d Cir. 2004). "The fundamental measure of attorney's fees is reasonableness, considering the factors set forth by Rules of Professional Conduct R. 1.5 [now Rule 1.5(a)]." Mayeur v. Campbell, 666 So. 2d 366, 370 (La. App. 1st Cir. 1995). "An award of attorney fees must be reasonable based on the degree of skill and work involved in the case, the number of court appearances, the depositions, the office work and the time

spent in court." Frentress v. Howard, 728 So. 2d 1019, 1022 (La. App. 2d Cir. 1999) (citation omitted); accord Ollis, 886 So. 2d at 1209.

Thus, the factors to be taken into consideration in determining the reasonableness of attorney's fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. Richardson, 727 So. 2d at 707 (citing Rivet v. State Dep't of Transp. & Dev., 680 So. 2d 1154, 1161 (La. 1996)); accord Peyton Place, 18 So. 3d at 146-47. These factors are derived from Rule 1.5(a) of the Rules of Professional Conduct, which currently provides:

> (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

Although the first sentence of Rule 1.5(a) was amended in 2006, its substance and the specific factors listed have not been changed since Richardson was decided. (The first sentence of Rule 1.5(a) previously stated: "'A lawyer's fee shall be reasonable.'" Richardson, 727 So. 2d at 708 (quoting Rule 1.5(a) then in effect)). In determining an award, the court should consider the entire record. Id. at 707.

The factors in Rule 1.5(a) of the Louisiana Rules of Professional Conduct are essentially similar to those considered under the federal lodestar analysis, which were originally set forth in Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714 (5th Cir. 1974). Because the fundamental requirement of reasonableness and the factors used under Louisiana law are substantially similar to the federal lodestar method, I will use the lodestar analysis to determine a reasonable amount of attorney's fees.

Determination of a reasonable attorney's fee is a two-step process that begins with determination of the lodestar amount.

> A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.

Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)).

The Johnson factors are:

(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19.

"[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the Johnson factors, complexity of the issues, results obtained and preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount. Heidtman, 171 F.3d at 1043 (quoting Pa. v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986); Shipes, 987 F.2d at 319-22 & n.9). After Johnson was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. The Johnson factors are taken into account after the court has determined the lodestar amount. Walker v. U.S.

Dep't of Housing & Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996) (citing City of Burlington, 505 U.S. at 567).

The lodestar "is presumptively reasonable and should be modified only in exceptional cases." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) (citing City of Burlington, 505 U.S. at 562); accord Heidtman, 171 F.3d at 1043. Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Wegner v. Std. Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995) (hereinafter "LP&L").

The attorneys for whom defendants seek fees are Marie Breaux and Thomas S. Schneidau of the law firm Milling Benson Woodward, LLP. The affidavits and billing statements submitted by these lawyers to their client in the ordinary course of business are the principal supporting evidence. The evidence establishes that Breaux, a seasoned litigator with almost three decades of experience who also possesses specialized knowledge, charged $300 per hour for her work, while Schneidau, an associate with less than one year since his bar admission at the time during which he performed these services, charged $200 per hour for his work on this matter.

In addition, the motion requests an award for the minimal amount of work performed by a law clerk of their firm, 5.95 hours billed at the rate of $75 per hour, and by a paralegal, 2.5 hours billed at the rate of $85 per hour. It is well established that fees for paralegal or legal assistant time are recoverable as an element of reasonable attorney's fees, if the work performed is legal rather than clerical. Missouri v. Jenkins, 491 U.S. 274, 288 (1989); Thompson v. Connick, 553 F.3d 836, 868 (5th Cir. 2008); Vela v. City of Houston, 276 F.3d 659, 681(5th Cir. 2001); Volk v. Gonzalez, 262 F.3d 528, 535 (5th Cir. 2001); Walker, 99 F.3d at 773; Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd., 919 F.2d 374, 380 (5th Cir. 1990).

An attorney's requested hourly rate is prima facie reasonable when she requests that the lodestar be computed at her customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested. LP&L, 50 F.3d at 328. In this instance, plaintiff has contested the requested hourly rates. Based on Breaux's affidavit and attached exhibits, my experience in this court in reviewing and evaluating numerous requests for awards of attorney's fees, my observations of the skills of the attorneys involved in this case, and my knowledge of attorneys' fee awards in this district, I find that the $300 hourly rate requested by plaintiff for Breaux is consistent with market rates in the New Orleans legal market, especially for attorneys with Breaux's high level of skill and experience in working on this type of case, and is thoroughly reasonable. Breaux has excellent credentials and 26 years of experience, including specialized

8

knowledge and experience in matters such as those litigated in this case. On the other hand, at all times when he worked on this matter, Schneidau had less than one year of law practice from the date of his admission to the bar. I find that Schneidau's requested hourly rate of $200 per hour is at the high end of awardable rates for lawyers of his low level of experience in this market. Considering the type of work he performed, as reflected in the statements submitted as evidence, and his limited experience, I find that Schneidau's time should be compensated at the reasonable rate of $150 per hour.

Hourly rates of $300 per hour for Breaux and $150 per hour for Schneidau are consistent with other awards made in this district for similarly credentialed attorneys. I also find that the requested hourly rates of $85 for a paralegal and $75 for a law clerk are reasonable and customary in this legal market. See Thompson, 553 F.3d at 868 (approving hourly rates of $202 to $312 for experienced attorneys and $67 to $112 for paralegals as "at the upper range of what was reasonable in the" Eastern District of Louisiana from 2003 to 2007); Cedotal v. Whitney Nat'l Bank, No. 94-01397, 2010 WL 5582989, at *13 (E.D. La. Nov. 10, 2010) (Chasez, M.J.), report & recommendation adopted as modified,[1] 2011 WL 127157 (E.D. La. Jan. 14, 2011) (Lemmon, J.) (awarding hourly rates of $315 for senior partners, $250 for junior partners and $150 for associates in 15-year-long ERISA litigation, based on current reasonable rate awards in this

---

[1] The magistrate judge's report and recommendation was modified slightly to adjust the hours, but not the hourly rates.

9

district); Ranger Steel Servs., LP v. Orleans Materials & Equip., Co., No. 10-112, 2010 WL 3488236, at *1, *3 (E.D. La. Aug. 27, 2010) (Barbier, J.) (awarding rates of $360 in 2009 and $395 in 2010 for partner's work); Hebert v. Rodriguez, No. 08-5240, 2010 WL 2360718, at *2 (E.D. La. June 8, 2010) (Barbier, J.), aff'd, 430 F. App'x 253 (5th Cir. 2011) (awarding $300 per hour to "seasoned civil rights attorney with over 33 years of experience"); Braud v. Transp. Serv. Co., No. 05-1898, 2010 WL 3283398, at *15 (E.D. La. Aug. 17, 2010) (Knowles, M.J.) (hourly rates of $200 for attorney with 30 years of experience and $75 for paralegal "are within the low end of the range of the market rate in this area and . . . are reasonable"); Oreck Direct, LLC v. Dyson, Inc., No. 07-2744, 2009 WL 1649503, at *4 (E.D. La. June 8, 2009) (Vance, J.) (in case brought under the Lanham Act and Louisiana Unfair Trade Practices Act, rejecting much higher rates sought by attorneys from a national law firm and noting that "the top rate for partner-level attorneys [in the New Orleans market] is between $400 and $450 per hour;" awarding a single rate of $400 for two partners and one associate "as more in line with local rates for similar services"); Wells v. Regency Hosp. Co., No. 07-3775, 2008 WL 5273712, at *3 (E.D. La. Dec. 15, 2008) (Roby, M.J.) (reviewing cases, finding that $115 per hour for paralegal work was excessive and awarding $64 per hour); Combe v. Life Ins. Co., No. 06-8909, 2008 WL 544547, at *3 (E.D. La. Feb. 27, 2008) (Livaudais, J.) (awarding $250 per hour for attorneys who had practiced for more than 20 years in the relevant legal field and $70 per hour for paralegal work).

Next, I must determine the reasonable number of hours that plaintiff's counsel expended on the litigation. The hours expended by the subject attorneys in this case are documented in the exhibits attached to defendants' motion. As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded. Watkins, 7 F.3d at 457. Attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. Green v. Admin'rs of Tulane Educ. Fund, 284 F.3d 642, 662 (5th Cir. 2002) (citing Walker, 99 F.3d at 769); accord Hensley, 461 U.S. at 433-34. The fee seeker's attorneys are "charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." Walker, 99 F.3d at 770.

Some cases, like this one, require that attorneys perform work on numerous claims, issues, or even proceedings, not all of which might independently or standing alone give rise to a basis for award of attorney's fees. In such cases, "[a] court need not segregate fees when the facts and issues are so closely interwoven" that they cannot be separated. Mota v. Univ. of Tex., 261 F.3d 512, 528 (5th Cir. 2001) (citation omitted). To determine whether claims are so interrelated that they cannot be separated, the court must ask whether the claims "included 'a common core of facts' or were 'based on related legal theories' linking them to the successful claim." Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992) (quoting Hensley, 461 U.S. at 435); accord Brady v. Fort Bend

11

County, 145 F.3d 691, 717 (5th Cir. 1998); LP&L, 50 F.3d at 327. If the answer to this inquiry is "yes," then the prevailing party may recover for the fees reasonably incurred in pursuing or defending against the intertwined claims. Id. In his order upon which this referral to me is based, the presiding district judge expressly stated that the award in this case is "for attorney fees and costs associated with the filing of their motion for summary judgment." Record Doc. No. 48 at p. 18 (emphasis added).

Based upon my review of the detailed contemporaneous entries on the invoices submitted by defendants, the requested number of hours and billing rates incurred in this matter as reflected in the evidence may be summarized as follows:

| Name | Job | Rate | Total Hours | Subtotal |
|---|---|---|---|---|
| Marie Breaux | Lawyer | $ 300/hour | 88.20 | $ 26,460.00 |
| Thomas Schneidau | Lawyer/Associate | $ 200/hour | 60.00 | $ 12,000.00 |
| SAK | Law Clerk | $ 75/hour | 5.95 | $ 446.25 |
| REM | Paralegal | $ 85/hour | 2.50 | $ 212.50 |
| Total | | | 156.65 | $ 39,118.75 |

Considering the affidavit of Breaux declaring in part that she deleted from the billing records certain time entries for work that she considered unrelated and/or not properly included in this submission, Record Doc. No. 58-2 at ¶¶ 31-34, I find that defendants' counsel exercised some billing judgment in reducing the quantum sought. However, I find that the hours described in Section VI of the billing statements were unrelated to the motion for summary judgment to enforce the settlement agreement, and

12

are not properly included in the amount of reasonable attorney's fees. Paragraph 28 of Breaux's original affidavit describes the hours billed in Section VI, Record Doc. No. 58-2 at p. 5, but is insufficient to establish a relationship to the motion to enforce the settlement that would make these hours awardable. To the contrary, the hours listed in Section VI deal with dismissed claims. Accordingly, I will deduct 6.5 hours of Breaux's time and 6.2 hours of Schneidau's time, leaving 81.7 hours of compensable time for Breaux and 53.8 hours for Schneidau.

Furthermore, all of the paralegal's time (2.5 hours) must be deleted because it was clerical in nature. The description of her work on the billing statements is insufficient to establish that the work was legal in nature.

After making these deductions and awarding Schneidau his reasonable hourly rate of $150, the awardable fees are as follows.

| Name | Job | Rate | Total Hours | Subtotal |
|---|---|---|---|---|
| Marie Breaux | Lawyer | $ 300/hour | 81.70 | $ 24,510.00 |
| Thomas Schneidau | Lawyer/Associate | $ 150/hour | 53.80 | $ 8,070.00 |
| SAK | Law Clerk | $ 75/hour | 5.95 | $ 446.25 |
| REM | Paralegal | $ 85/hour | 0 | $ 0 |
| Total | | | 141.45 | $ 33,026.25 |

Finally, I recommend that the remaining time be reduced by 10 percent across the board to reflect duplication of effort between Breaux and her associate of limited experience and a lack of billing judgment in not writing off such time. "The proper

13

remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." Walker, 99 F.3d at 770 (reducing fee award by 15% for lack of billing judgment) (citing Leroy v. City of Houston, 831 F.2d 576, 586 (5th Cir. 1987) (reducing award by 13%)); see also Saizan v. Delta Concrete Prods. Co., 448 F.3d 795, 800 (5th Cir. 2006) (affirming 10% reduction for vagueness, duplicative work and lack of billing judgment); Hopwood v. Texas, 236 F.3d 256, 279 (5th Cir. 2000) (approving 25% reduction based on inadequacy of time entries, duplicative work product and lack of billing judgment). After that 10 percent reduction, the awardable fees are as follows.

| Name | Job | Rate | Reduced Hours | Subtotal |
|---|---|---|---|---|
| Marie Breaux | Lawyer | $ 300/hour | 73.53 | $ 22,059.00 |
| Thomas Schneidau | Lawyer/Associate | $ 150/hour | 48.42 | $ 7,263.00 |
| SAK | Law Clerk | $ 75/hour | 5.36 | $ 402.00 |
| REM | Paralegal | $ 85/hour | 0 | $ 0 |
| Total | | | 127.31 | $ 29,724.00 |

Contrary to plaintiff's arguments, the work done by defendants' attorneys in preparing the instant motion is compensable. A prevailing party is entitled to an award of reasonable attorneys' fees in connection with the time spent to prepare the fee application. Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996); Cruz v. Hauck, 762 F.2d 1230, 1233-35 (5th Cir. 1985); Lewallen v. City of Beaumont, No. 1:05-CV-733-TH, 2009 WL 2175637, at *8 (E.D. Tex. July 20, 2009), aff'd, 394 F. App'x 38 (5th

Cir. 2010); Chaparral Tex., L.P. v. W. Dale Morris, Inc., No. H-06-2468, 2009 WL 455282, at *12 n.5 (S.D. Tex. Feb. 23, 2009).

Thus, the hourly rates and the time expended by the attorneys, as adjusted above, are reasonable and awardable. After eliminating the Johnson factors that are subsumed in the lodestar or prohibited from consideration, only four factors remain for an adjustment analysis: the customary fee, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. The customary fee appears to be the fee reflected in the billing statements and has already been evaluated in establishing a reasonable hourly rate. The nature and length of the professional relationship between defendants and their attorneys is unclear, but it appears from Breaux's original affidavit, at ¶ 7, to be related exclusively to this lawsuit and is of minimal importance in this overall context. The case was not undesirable. There is no basis for reducing the award based upon the alleged settlement discussions between the parties. Accordingly, I find that the lodestar amount of attorney's fees in the amount of $29,724.00 is reasonable and awardable.

As to costs, my research has located no case that sets or discusses a standard under Louisiana law for determining the amount of a contractually based award of litigation costs, beyond the simple statement that "[t]he contract provides that the purchaser would be liable for attorney's fees and costs. We interpret that provision to include all fees and

costs required to litigate any controversy arising out of the contract." Rabin v. Blazas, 537 So. 2d 221, 225 (La. App. 4th Cir. 1988).

The only "cost" sought by defendants is $778.35, the fee of a court reporter for one deposition. Plaintiff argues that this deposition was unnecessary to the settlement agreement enforcement motion. I disagree. On the contrary, I credit Breaux's affidavits submitted in support of the motion and find that the deposition was sufficiently related to enforcement of the settlement agreement that this cost should be compensable within the parameters of the presiding district judge's order. Applying the same reasonableness standard discussed above, I find that the reimbursable costs reflected in the billing statements of counsel in the amount of $778.35 for this matter are reasonable and were necessarily incurred as a litigation cost.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff pay defendants $30,502.35 in reasonable attorney's fees and other reimbursable expenses, all as reflected above.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served

with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

        New Orleans, Louisiana, this   31st   day of October, 2011.

                            JOSEPH C. WILKINSON, JR.
                            UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.